**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FAYE R. HOBSON,
    Appellant,

  v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
CH-1221-15-0470-W-1

DATE: October 4, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Faye R. Hobson, Fort Campbell, Kentucky, pro se.

Robert Sutemeier, Esquire, and Melissa Martinez, Peachtree City, Georgia,
 for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        As further detailed in the initial decision, the appellant has a somewhat complicated employment history with the agency.  Initial Appeal File (IAF), Tab 115, Initial Decision (ID) at 2-4.  Relevant to this appeal, she was employed as a Special Education Teacher at Barkley Elementary School in Fort Campbell, Kentucky, for a portion of the 2005-2006 academic year.  ID at 2.  While there, the appellant made a disclosure to several officials concerning the school's alleged noncompliance with state and Federal special education requirements. ID at 2-3, 7-8.  Before the end of that academic year, the appellant left Barkley Elementary and went on to other teaching positions with the agency, including ones in Guam and Korea.  ID at 3.  Between 2012 and 2014, the appellant applied for several teaching positions in the Fort Campbell schools, but was not selected for any.  ID at 3-4.

¶3        In December 2014, the appellant filed a complaint with the Office of Special Counsel (OSC) concerning her nonselections.  ID at 4; IAF, Tab 1 at 8-11.  This IRA appeal followed the close of OSC's investigation.  ID at 4; IAF, Tab 1 at 1-7.  The administrative judge found Board jurisdiction over the appeal and held a hearing, but denied the appellant's request for corrective action.

ID at 4-5, 24. The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1, 3. The agency has filed a response, and the appellant has replied. PFR File, Tabs 5-6.

¶4 Federal agencies are prohibited from taking, failing to take, or threatening to take or fail to take, any personnel action against an employee in a covered position because of the disclosure of information that the employee reasonably believes to be evidence of a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(a)(2), (b)(8); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012). To establish a prima facie case of whistleblower reprisal in an IRA appeal such as this one, the employee must prove, by preponderant evidence, that she made a protected disclosure that was a contributing factor in a personnel action taken against her. 5 U.S.C. § 1221(e)(1); *Mattil*, 118 M.S.P.R. 662, ¶ 11. If an appellant makes out a prima facie case, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Mattil*, 118 M.S.P.R. 662, ¶ 11.

¶5 The administrative judge found that the appellant's disclosure concerning the alleged noncompliance with state and Federal special education requirements at Barkley Elementary School was protected. ID at 7-8. However, she found that the appellant failed to prove that this 2005 disclosure was a contributing factor in her 2012-2014 nonselections. ID at 8-24. Among other things, the administrative judge concluded that the agency officials involved in those nonselections did not have actual or constructive knowledge of the appellant's disclosure. ID at 7-24.

¶6 On review, the appellant erroneously asserts that the administrative judge conducted a clear and convincing analysis that fails to comply with the requirements set forth by the U.S. Court of Appeals for the Federal Circuit in its decision in *Whitmore*. PFR File, Tab 1 at 16-18; *see Whitmore v. Department of*

*Labor*, [680 F.3d 1353](#), 1368 (Fed. Cir. 2012) (recognizing that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion"). This argument reflects an apparent misunderstanding of the legal standard and the administrative judge's analysis. The appellant had the initial burden of proving by preponderant evidence that she made a protected disclosure that was a contributing factor in her nonselections. *See supra* ¶ 4. Because she failed to do this, ID at 7-24, the burden did not shift back to the agency, and so the clear and convincing standard explained in *Whitmore* did not apply.

¶7    The appellant also asserts that the administrative judge improperly precluded her from calling witnesses and excluded some supportive evidence. PFR File, Tab 1 at 13-15, 19. However, it is well established that an administrative judge has broad discretion to regulate the course of the hearing and to exclude witnesses and evidence that have not been shown to be relevant, material, and nonrepetitious. *E.g.*, *Thomas v. U.S. Postal Service*, [116 M.S.P.R. 453](#), ¶ 4 (2011); [5 C.F.R. § 1201.41](#)(b)(8), (10).

¶8    Concerning the disallowed witnesses, the appellant makes specific arguments about one. PFR File, Tab 1 at 14. The appellant identified this witness as one of her former supervisors and a current teacher in Korea. IAF, Tab 45 at 4, Tab 90 at 1-2. According to the appellant, he was warned not to hire the appellant in the past, and such testimony would have helped her demonstrate the reasonableness or likelihood of the same thing happening with respect to the nonselections at issue in this appeal. IAF, Tab 45 at 4. The administrative judge admitted an affidavit from this individual into evidence, IAF, Tab 104 at 8-13, but denied him as a witness because he was never assigned to Fort Campbell, he did not have any knowledge of the appellant's disclosure, and he was not involved in the pertinent nonselections, IAF, Tab 97 at 1.

The appellant has not identified any argument or evidence to the contrary, and so we will not disturb the administrative judge's ruling.

¶9          Concerning the excluded evidence, the appellant seems to suggest that it was pertinent to settlement discussions that took place prior to her hearing, not her underlying allegations of reprisal.  PFR File, Tab 1 at 14-15; *see generally Herbert v. Department of Transportation*, 17 M.S.P.R. 62, 70 (1983) (recognizing that, as a matter of public policy, courts exclude evidence of settlement negotiations and terms to encourage such agreements).  Based on the information presented, the appellant has not shown that the administrative judge's admissibility rulings abused her broad discretion.

¶10         The appellant next suggests that one of the agency's witnesses, the selecting official for some of the pertinent vacancies, was forced to testify and may have provided false information.  PFR File, Tab 1 at 16, Tab 3 at 1-4.  According to the appellant, that individual called her after testifying to apologize, generally, and to suggest that he had his own complaints about how the agency had been treating him.  PFR File, Tab 3 at 1-2.  However, the appellant's assertions on this subject are unsworn, not corroborated by other evidence, and generally fail to support the suggestion that this witness may have provided false testimony.  *See id*.

¶11         The appellant also presents two distinct arguments concerning the scope of this appeal.  She first argues that the instant appeal should have been limited to alleged retaliation concerning two nonselections, but the administrative judge considered several more.  PFR File, Tab 1 at 20.  In reviewing the record, it appears that the appellant did, at times, limit her allegations to only two nonselections.  *See, e.g*., IAF, Tab 17 at 1, Tab 43 at 1-2.  However, at other times, the appellant identified several others.  *See, e.g*., IAF, Tab 19 at 2-4, Tab 44 at 1-2, Tab 90 at 3; *see also* IAF, Tab 97 at 1-2.  The appellant's closing brief repeatedly referenced "eight non-selections," and we find no indication that she otherwise intended to limit the scope of this appeal to a lesser number of vacancies.  IAF, Tab 107 at 2.  Therefore, we discern no error in the

administrative judge's consideration of all eight vacancies raised by the appellant. *See* ID at 12-18.

¶12    Separately, the appellant appears to suggest that the administrative judge improperly limited the scope of this appeal to her allegation of whistleblower reprisal, rather than also considering other allegations, including ones of discrimination and reprisal for having engaged in equal employment opportunity (EEO) activity.  PFR File, Tab 1 at 24.  For the reasons that follow, we are not persuaded.

¶13    The Board's authority in IRA appeals extends not only to allegations of reprisal for disclosures protected under 5 U.S.C. § 2302(b)(8), but also activity protected under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  The appellant's claims on review raise the issue of whether her EEO activity falls within the scope of either 5 U.S.C. § 2302(b)(9)(A)(i) or (b)(9)(B), and thus within the Board's IRA jurisdiction.[2]

¶14    Section 2302(b)(9)(A)(i) includes the filing of a complaint that seeks to remedy whistleblower reprisal, but does not include complaints that solely raise claims of reprisal for matters covered by Title VII.  *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 24-25; *see Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013) (recognizing that the Board's jurisdiction in IRA appeals was expanded to cover claims of reprisal for an employee filing her own grievance, but only if the grievance sought to remedy whistleblower reprisal).  Section 2302(b)(9)(B) includes an appellant's lawfully assisting another individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation.  *See* 5 U.S.C. §§ 1221(a), 2302(b)(9)(B); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015).

---

[2] The Board cannot consider the appellant's allegations outside this IRA appeal because the Board lacks direct jurisdiction over her nonselections.  *See Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶¶ 5-6 (2008).

¶15     Throughout this appeal, the appellant's submissions have been broad and difficult to follow. *See generally Keefer v. Department of Agriculture*, [92 M.S.P.R. 476](#), ¶ 18 n.2 (2002) (recognizing that the Board is not obligated to pore through the record to make sense of various allegations in a voluminous record; an appellant is required to articulate claims with reasonable clarity and precision or risks being found to have failed to meet her burden).  For example, after the administrative judge issued a jurisdictional order explaining the Board's limited authority, the appellant submitted a pleading in which she alleged that the agency was "engaging in acts of race-based domestic terrorism identified as segregation, discrimination, retaliation and reprisal."  IAF, Tab 9 at 9. She further alleged that the agency had forced her to work without civil rights or liberties.  *Id*.  The appellant attached extensive evidence to this pleading, but much of it was unexplained and the relevance was not readily apparent. *Id*. at 31-174.  In a separate jurisdictional response, the appellant indicated that she had filed numerous EEO complaints, including seven since April 2012, as well as two civil lawsuits.  IAF, Tab 17 at 2.  She also indicated that she was listed as a witness in disputes that three other employees had with the agency since 2012.  *Id*. at 4.

¶16     On the one hand, we found no indication that the appellant's own EEO activity sought to remedy whistleblower reprisal, as required to implicate section 2302(b)(9)(A)(i).  On the other hand, the appellant's claims that she was identified as a witness in disputes involving other employees does implicate section 2302(b)(9)(B) and the Board's authority in an IRA appeal such as this. Yet, according to the administrative judge's summary of a subsequent status conference, the appellant appeared to limit the purview of this instant IRA appeal to her 2005 disclosure, indicating that she intended to pursue other claims before the Equal Employment Opportunity Commission.  IAF, Tab 21 at 1-2.  Though given the opportunity to object to this summary, the appellant did not do so. IAF, Tab 25 at 1.  But the appellant did continue to reference her various

complaints and EEO activity, generally, throughout the remainder of the proceedings. *E.g.*, IAF, Tab 107.

¶17 To the extent that the administrative judge may have erred by failing to address the appellant's allegations that she was a witness for other employees in their disputes with the agency, which implicates section 2302(b)(9)(B), we find the error harmless. The Board's jurisdiction in this IRA appeal is limited to those issues raised before OSC. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC, other sufficiently reliable evidence such as an affidavit or declaration attesting that she raised with OSC the substance of the facts in her Board appeal, or unrebutted statements to that effect on a certified initial appeal form. *Id.*, ¶ 11 & n.7.

¶18 The administrative judge explained the exhaustion requirement when he instructed the appellant to meet her jurisdictional burden. IAF, Tab 3 at 2-5. Yet the appellant's pleadings suggest that the only activity she described to OSC was her own EEO complaints that did not implicate section 2302(b)(9)(B). *E.g.*, IAF, Tab 1 at 10-33. This conclusion is based on letters the appellant sent to OSC and OSC's responses, *id.*, as well as the absence of other evidence, such as her original OSC complaint form or sworn assertions that she exhausted additional matters with OSC, *e.g.*, IAF, Tab 1 at 7, Tab 9 at 1-3, 9, Tab 11 at 3-4, Tab 17 at 1-4. Accordingly, the appellant failed to establish jurisdiction over any claim that her nonselections were the product of reprisal for having been a witness for other employees in their complaints against the agency, rendering any error on the part of the administrative judge in not addressing this activity harmless.

¶19 The appellant next asserts that the administrative judge's decision contains errors concerning her history of employment and the bases for her movement among various positions. PFR File, Tab 1 at 24-25. However, the appellant has failed to show how these purported errors caused any harm. *See Panter v.*

*Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (recognizing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶20        Finally, the appellant submitted hundreds of pages of documents on review. PFR File, Tab 1 at 14, 33-318, Tab 3 at 7-46, Tab 6 at 13-29.  Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). Furthermore, the evidence must be of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  Upon review, it appears that significant portions of the documents attached on review are duplicates of documents already included in the record below.  *Compare, e.g*., PFR File, Tab 1 at 33-41, *with* IAF, Tab 43 at 1-6, Tab 90 at 1-4.  In addition, the appellant has provided these voluminous documents without any substantive explanation as to their relevance.  Therefore, to the extent that the documents are not duplicative of ones already included in the record, we find that the appellant has failed to show that they constitute new and material evidence.

¶21        Accordingly, we deny the petition for review, affirm the initial decision, and find no corrective action is warranted in this case.[3]

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           /s/ for
_____

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.